UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

COREY E. HARRISON, )
 )
    Plaintiff, )
 )
v. ) No. 2:14-CV-28-JRG-MCLC
 )
RONNIE LAWSON, *et al.*, )
 )
    Defendants. )

# **MEMORANDUM AND ORDER**

    Acting pro se, Corey E. Harrison, ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983, challenging the media and mail policies at the Hawkins County Detention Center ("HCDC") and alleging physical abuse at the hands of prison officials in violation of the Eighth Amendment to the United States Constitution. [Doc. 1]. On October 26, 2016, the Court entered an Order *sua sponte* dismissing Plaintiff's media and mail policy claims as well as his Eighth Amendment claim against Defendant Smith pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). [Doc. 5]. However, the Court found that Plaintiff has stated plausible claims for relief against the remaining defendants, and accordingly ordered Plaintiff "to complete the service packets and return them to the Clerk's office **within thirty (30) days** from the date of the entry of this Order." [*Id*. at 7]. The Court cautioned Plaintiff that "failure to return the completed service packets within this time period may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b)." [*Id*.].

    The Court further noted that Local Rule 83.13 makes it the duty of a pro se party "to monitor the progress of the case, and to prosecute or defend the action diligently"; requires a pro se party to

"promptly notify the Clerk and the other parties to the proceedings of any change in his or her address . . . within 14 days," and provides that a party's failure "to timely respond to an order or pleading address to the last address provided to the Clerk may result in dismissal of the case[.]" [*Id.* at 7-8 n.4 (quoting E.D. Tenn. L.R. 83.13)]. The Court noted that, despite the fact that prison records reveal that Plaintiff has been released from incarceration since filing this action, Plaintiff has not filed a notice of change of address with the Court. [*Id.*]. Indeed, the Court noted that Plaintiff has not taken any action with respect to this case since initially filing his Complaint in January 2014. [*Id.*]. In compliance with Rule 83.13, the Clerk served the Court's Order on Plaintiff at his last provided address – that is, his address at the Hawkins County Detention Center. [*Id.*].

More than 45 days have now passed since the entry of the Court's Order. The Order that was sent to Plaintiff has not been returned to the Court, nor has Plaintiff returned the service packets to the Court or otherwise responded to the Court's Order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

2

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. In weighing the first factor, the Court considers Plaintiff's complete inaction with respect to prosecuting this action since filing it almost two years ago. Plaintiff's instant failure to respond may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the Order because he failed to update his address and monitor this action pursuant to Local Rule 83.13). Either way, the fault lies with Plaintiff, and the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal; since the Defendants have not yet been served or made to appear, they have not been prejudiced by the delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff is proceeding *in forma pauperis* and therefore has no ability to pay a monetary fine. The Court does not believe that dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

                                                    s/J. RONNIE GREER
                                            UNITED STATES DISTRICT JUDGE